IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE EDEN CORTEZ MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARBA YIANNI TAVERNA, INC. an Illinois corporation d/b/a BARBA YIANNI GRECIAN TAVERNA, and ANAS W. IHMOUD, an individual,<br><br>Defendants. | Case No. 1:21-cv-3944 |

## COMPLAINT

The Plaintiff, Jose Eden Cortez Martinez, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Barba Yianni Taverna, Inc., an Illinois corporation d/b/a Barba Yianni Grecian Taverna, and Anas W. Ihmoud (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a former busboy at Defendants' Barba Yianni Grecian Taverna restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Jose Eden Cortez Martinez ("Cortez") is a former employee of Defendants' Barba Yianni Grecian Taverna restaurant located at 4761 N. Lincoln Avenue in Chicago, Illinois. Plaintiff Cortez worked as a busboy at Defendants' restaurant from June 7, 2020 through June 30, 2021.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and equipment, and cleaning products which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant, Barba Yianni Taverna, Inc. ("Barba Yianni") does business as Barba Yianni Grecian Taverna on North Lincoln Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Barba Yianni has earned more than $500,000.00 in annual gross revenue during 2020 and 2021.

9. Defendant Barba Yianni is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Anas W. Ihmoud ("Ihmoud") is an owner of the Barba Yianni Grecian Taverna and the restaurant's operating entity and served as its President from 2012 to the present.

11. At all times relevant to this action, Defendant Ihmoud possessed extensive oversight over the Barba Yianni Grecian Taverna restaurant and its business operations. Defendant Ihmoud was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Defendant Ihmoud resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from June, 2020 through December, 2020, Plaintiff Cortez was scheduled to work and did regularly work at Defendants' Barba Yianni Grecian Taverna restaurant seven (7) days a week including Monday through Wednesday and Sunday from 5:00 p.m. to 1:00 a.m.; Thursday from 9:00 a.m. to 1:00 or 2:00 a.m.; and, Friday and Saturday from 5:00 p.m. to 4:00 or 5:00 a.m. During the period from January, 2021 through June 30, 2021, Plaintiff Cortez continued the same work schedule except he no longer worked on Thursday.

14. Based on his schedules, Plaintiff Cortez regularly worked at least seventy to seventy-two (70-72) hours in individual workweeks from June, 2020 through December, 2020 and fifty-four to fifty-six (54-56) hours during individual workweeks from January, 2021 through June 30, 2021.

15. Defendants paid Plaintiff Cortez on an hourly basis at the rate of $11.00 per hour plus tips.

16. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

18. Defendants paid Plaintiff's overtime compensable hours at his straight-time rate of pay.

19. In order to conceal their failure to pay overtime compensation, Defendants paid all of Plaintiff's wages with unreported cash and never provided Plaintiff with a wage stub or wage payment record.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standard Act- Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25. Defendant Barba Yianni Taverna, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

4

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime violations, Defendants paid for all of Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" in cash. Further, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to accurately record the number of hours worked by Plaintiff, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Jose Eden Cortez Martinez, prays for a judgment against Defendants, Barba Yianni Taverna, Inc., d/b/a Barba Yianni Grecian Taverna, and Anas W. Ihmoud, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

29. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

31. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

33. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jose Eden Cortez Martinez, prays for a judgment against Defendants, Barba Yianni Taverna, Inc., d/b/a Barba Yianni Grecian Taverna, and Anas W. Ihmoud, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

35.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

36.     Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

37.     Defendants were each an "employer" as defined in the CMWO § 1-24-10.

38.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

39.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Jose Eden Cortez Martinez, prays for a judgment against Defendants, Barba Yianni Taverna, Inc., d/b/a Barba Yianni Grecian Taverna, and Anas W. Ihmoud, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: July 26, 2021                                  Respectfully submitted,

                                      Jose Eden Cortez Martinez,
                                      Plaintiff


                                      /s/ Timothy M. Nolan
                                      _____
                                      Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

8